LEIBOWITZ LAW GROUP
Daniel J. Leibowitz, SBN 258466
Gary Leibowitz, SBN 91670
4050 Katella Ave., Ste 201
Los Alamitos, CA 90720
Tel: 562/430/6002   Fax: 562/430/8187

Attorneys for Plaintiff/Creditor:
Luberski, Inc., dba Hidden Villa Ranch

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA — WOODLAND HILLS

| | |
|---|---|
| In re: ROBERT MARC HINDIN<br><br>                  Debtor | Chapter 7<br><br>Bk Case #: 1:10-bk-24960-MT |
| LUBERSKI INC.,<br>                Plaintiff,<br><br>v.<br><br>ROBERT MARC HINDIN<br>               Defendant. | Adv. Case #:<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND/OR OBJECTING TO DISCHARGE**<br><br>11 U.S.C. Sections 523(a)(2)(A), 523(a)(2)(B), and 727(a)(4) |

///

**AMOUNT OF COMPLAINT: $125,000**

Plaintiff alleges:

### PRELIMINARY ALLEGATIONS

1.    Jurisdiction of this Court is proper in that this matter arises in the above-captioned Chapter 7 case and this adversary proceeding is a core proceeding under 28 U.S.C. §157.

-1-

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

**COMPLAINT**

2.   At all relevant times herein mentioned, Plaintiff LUBERSKI, INC, a California corporation, was and is authorized to do business in the State of California.

3.   At all relevant times herein mentioned, Plaintiff is and was a California licensed finance lender.

4.   Defendant ROBERT HINDIN is an individual Debtor in the instant bankruptcy proceeding (Case Number: 1:10-bk-24960-MT).

5.   Plaintiff is a creditor in the instant bankruptcy proceeding.

6.   Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. Section 157, 28 U.S.C. Section 1334, and 11 U.S.C. Section 523 and 727; this matter is a core proceeding.

## BACKGROUND FACTS

7.   On or about, June 4, 2010, third party Becky Sims ("Sims") requested that Plaintiff loan her One Hundred and Twenty Five Thousand Dollars ($125,000).

8.   SIMS, represented that she needed the loan proceeds on or before June 4, 2010, because Defendant SIMS's former first deed of trust holder to her principal residence was going to evict her from her residence as a result of her failure to vacate the premises after the property had been foreclosed by the said deed of trust holder.

9.   Defendant, SIMS, further represented that her attorney, Defendant Robert Hindin, had negotiated a settlement with her lender, which allowed her to remain at her residence if she paid the lender $125,000 by the end of the business day on Friday, June 4, 2010.

10.   Defendant, SIMS, further represented that she was expecting a large enough sum of money to repay Plaintiff's potential loan in full on or before June 9, 2010 through an investment with Pacific Coast Equity Partners LLC.

11.   On June 4, 2010, prior to entering into the loan agreement, Pacific Coast Equity Partners, LLC furnished Plaintiff with evidence of the said $12,000,000 wire transfer. Defendant furnished Plaintiff with attached documentation of the alleged wire transfer in the form of of the pay-order from Sal Solutions and Logistics for the benefit of Pacific Coast Equity Partners, LLC, a Beneficiary as well as documents entitled Bank Authorisation/Endorsement, and Beneficiary (Payee) Bank Co-Ordinate.

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

COMPLAINT

12. The validity of the attached documents was confirmed by Defendant during a telephone conversation on June 4, 2010.

13. On or about June 4, 2010, prior to entering into the Loan Agreement, Defendant stated to Plaintiff that he was legal counsel for Pacific Coast Equity Partners, LLC, MPH Consulting, LLC, Michael Harvey, and Becky Sims.

14. Plaintiff further represented that he had negotiated the subject transaction between Pacific Coast Equity Partners, LLC and Sal Logistics.

15. Defendant also has a five percent (5%) ownership interest in Pacific Coast Equity Partners, LLC, although he failed to state so during his conversation with Plaintiff on June 4, 2010.

16. On or about June 4, 2010, prior to entering into the Loan Agreement, Defendant, further represented that $12,000,000 had already been wired to his attorney trust account for the benefit of Pacific Coast Equity Partners and would only take a few days to clear in his account before the funds were accessible.

17. On or about June 4, 2010, prior to entering into the Loan Agreement, Defendant, further represented that upon clearing into his trust account, portions of the $12,000,000 would be disbursed to both Sims and third party MPH Consulting, LLC, the guarantor of the Plaintiff's note.

18. On June 4, 2010, Plaintiff informed Defendant that proceeds from the said wire transfer were to be used to repay Plaintiff's $125,000.00 loan.

19. The purpose of the June 4, 2010 telephone conversation between Plaintiff and Defendant was to determine whether the transaction between SAL Solutions & Logistics Ltd., Pacific Coast Equity Partners, LLC, and MPH Consulting, LLC was legitimate, because Plaintiff was considering loaning Defendant SIMS money that would be secured by the proceeds from the said transaction.

20. Thereafter, on or about June 4, 2010, Plaintiff loaned Sims One Hundred Twenty Five Thousand Dollars ($125,000.00) with Defendant MPH also signing the agreement as a co-
///

-3-

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

**COMPLAINT**

signor. Plaintiff agreed to donate all interest received under the loan agreement to a qualifying charitable organization.

21. On or about June 4, 2010, the said loan proceeds were wired by Plaintiff to Defendant's attorney trust account for the benefit of Sims.

22. Rather than use the $125,000 loan to stop Sim's pending foreclosure, Hindin only transferred $25,000.00 to Sims.

23. Of the $125,000 sent to Defendant's attorney trust fund for Sim's benefit, Defendant retained $25,000 for his own personal use.

24. Defendant disbursed the final $75,000 to third party, Michael Harvey.

25. The loan proceeds sent to Defendant's attorney trust account for the benefit of Sims were not used to save the principal residence of Sims and she has since been evicted.

## I. FIRST CAUSE OF ACTION

### 523(a)(2)(A)

26. Plaintiff refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 29 herein.

27. On or about June 4, 2010, prior to Plaintiff entering into the Loan Agreement, Defendant, made the following representations to Plaintiff:

    a. That Defendant was legal counsel for Pacific Coast Equity Partners, LLC, MPH Consulting, LLC, Michael Harvey, and Becky Sims.

    b. That Twelve Million Dollars ($12,000,000) had <u>already</u> been wired to his attorney trust account for the benefit of Pacific Coast Equity Partners, LLC.

    c. That the said Twelve Million Dollars ($12,000,000) would only take a few days to clear in his attorney trust account before the funds would be accessible.

    d. That the funds would be accessible by no later than June 9, 2010.

///
///

-4-

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

**COMPLAINT**

    e. That upon clearing into his trust account, substantial portions of the Twelve Million Dollars ($12,000,000.00) would be disbursed to Defendant's clients Becky Sims and MPH Consulting, LLC.

28. Plaintiff informed Defendant that the purpose of the June 4, 2010 telephone conversation was to determine whether the Twelve Million Dollars ($12,000,000) actually existed, because it was considering loaning Defendant's client Becky Sims One Hundred Twenty Five Thousand Dollars ($125,000.00).

29. Plaintiff also informed Defendant that potential One Hundred Twenty Five Thousand Dollar ($125,000.00) Loan would be secured by the proceeds from the transaction between Pacific Coast Equity Partners, LLC and Sal Solutions and Logistics, Ltd. Plaintiff is informed and believes and thereupon alleges that the said Twelve Million Dollars ($12,000,000) was not wired to Defendant's attorney trust account on or before June 4, 2010.

30. In reality, the Twelve Million Dollars ($12,000,000.00) was never wired to Defendant's attorney trust account.

31. SAL Solutions & Logistics, Ltd. never agreed to transfer Twelve Million Dollars ($12,000,000.00) to Defendant's attorney trust account as he represented on June 4, 2010.

32. Defendant knew that the above representations were false when they were made.

33. Defendant intended to deceive Plaintiff when he made the representations.

34. Plaintiff relied on Defendant's representations by loaning One Hundred Twenty Five Thousand Dollars ($125,000.00) to Defendant's client, Becky Sims.

35. Plaintiff was ignorant of the falsity of Defendants representations when it entered into the Loan Agreement.

36. Plaintiff's reliance was reasonable given the fact that Defendant had a special knowledge of the transaction between SAL Solutions Logistics, Ltd. and Pacific Coast Equity Partners, LLC as the attorney handling the subject transaction..

37. Plaintiff has been harmed in the amount of One Hundred Twenty Five Thousand Dollars ($125,000.00) as a result of Defendant's misrepresentations.

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

**COMPLAINT**

## II. SECOND CAUSE OF ACTION

### 523(a)(2)(B)

38. Plaintiff refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 29 herein.

39. Defendant has a five percent (5%) ownership interest in Pacific Coast Equity Partners, LLC.

40. Defendant was also acting legal representation for Pacific Coast Equity Partners, LLC on June 4, 2010.

41. During a telephone conversation with Plaintiff on June 4, 2010 Defendant confirmed the validity of documents obtained from Pacific Coast Equity Partners, LLC that were in Plaintiff's possession, which reflected the fact that Pacific Coast Equity Partners, LLC and SAL Solutions and Logistics, Ltd. entered into an agreement under which Twelve Million Dollars ($12,000,000) would be wired by SAL Solutions & Logistics, Ltd. to Defendant's attorney trust account.

42. The financial information contained on the documents reflecting the transaction between Pacific Coast Equity Partners, LLC and SAL was false.

43. The transaction between SAL Solutions and Logistics, Ltd. and Pacific Coast Equity Partners, LLC was a sham transaction.

44. Defendant knew that the transaction was a sham when he made the above representations to Plaintiff on June 4, 2010.

45. Plaintiff loaned One Hundred Twenty Five Thousand Dollars ($125,000.00) to third party Becky Sims that was secured by the proceeds from the sham transaction based on Defendant's representation.

46. Plaintiff reasonably relied on Defendant's material misrepresentation.

47. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of One Hundred Twenty Five Thousand Dollars ($125,000.00).

///

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

**COMPLAINT**

### III. THIRD CAUSE OF ACTION

### 727(a)(4)(A)

48. Plaintiff refers to and incorporates herein by reference as though fully set forth below, its allegations contained in Paragraphs 1 through 26 herein.

49. For Defendant to obtain a discharge he is required to disclose his true and correct income and assets under oath in his Schedules, Statement of Financial Affairs and at his 341(a) meeting of creditors.

50. Defendant substantially undervalued his 5% ownership interest in Pacific Coast Equity Partners, LLC.

51. Defendant substantially undervalued personal assets in his home, specifically valuable antiques kept in his principal residence.

52. Defendant failed to disclose his 5% ownership interest in Pacific Coast Equity Partners, LLC in his Statement of Financial Affairs.

53. Defendant made materially false statements in his bankruptcy petition.

54. Defendant knew the statements were false when he made them.

55. The statements were made with the intent to defraud.

56. The statements materially related to the bankruptcy case.

57. Pursuant to the provisions of 11 U.S.C. Section 727(a)(4)(A), the Defendant should be denied a discharge.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $125,000, plus accrued interest at the state legal rate (10%) from and after a date to be proven until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 U.S.C. Section (a)(2)(A).

3. An order determining that such debt is non-dischargeable under 11 U.S.C. Section (a)(2)(B).

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

COMPLAINT

4. Or, alternatively, an order determining that the Debtor is denied a discharge under 11 U.S.C. Section 727(a)(4)(A);

5. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED: June 2, 2011                                  LEIBOWITZ LAW GROUP

By: _____
GARY LEIBOWITZ
DANIEL J. LEIBOWITZ
Attorneys for Plaintiff/Creditor
LUBERSKI, INC.

Leibowitz Law Group
4050 Katella Ave
Suite 201
Los Alamitos, CA 90720

C:\Users\Office Depot\Desktop\Hindin Complaint for Non Discharge 523 and 727.wpd

-8-

COMPLAINT

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gary Leibowitz, SBN 91670<br>Daniel Leibowitz, SBN 258466<br>Leibowitz Law Group<br>4050 Katella Ave., Ste 201<br>Los Alamitos, CA 90720<br>Tel: (562) 430-6002; Fax: (562) 430-8187<br>Email: AttorneyGary@gmail.com<br><br>*Attorney for Plaintiff* Luberski, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Robert Marc Hindin | CHAPTER 7 |
|---|---|
| | CASE NUMBER 1:10-bk-24960-MT |
| Debtor. | ADVERSARY NUMBER |
| Luberski, Inc.<br><br>Plaintiff(s),<br><br>vs.<br><br>Robert Marc Hindin<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                                                                                                    **F 7004-1**

Case 1:11-ap-01400-MT    Doc 1    Filed 06/02/11    Entered 06/02/11 16:30:53    Desc
Summons and Notice of Status Conference    Page 10 of 12    Page 2

F 7004-1

| In re | (SHORT TITLE) | CASE NO.: 1:10-bk-24960-MT |
|---|---|---|
| Robert Marc Hindin | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _Summons and Complaint_____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____  _____  _____
Date                     Type Name                         Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                  F 7004-1

FORM B104 (08/07)                                                                             2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Luberski, Inc. | **DEFENDANTS**<br>Robert Marc Hindin |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leibowitz Law Group, 4050 Katella Ave., Ste. 201, Los Alamitos, California, 90720<br>Phone: 562-430-6002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Non-Dischargeable Judgment under Sections U.S.C. 523(a)(2)(A) and 11 U.S.C. 523(a)(2)(B) and Objection to Discharge under 727(a)(4) ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Robert Marc Hindin | **BANKRUPTCY CASE NO.** <br> 1:10-bk-24960MT ||
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Woodland Hills | **NAME OF JUDGE** <br> Maureen A. Tighe |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| **DATE** <br> 6/2/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Gary Leibowitz <br> LEIBOWITZ LAW GROUP |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.